Number 24-1518, 29 Greenwood, LLC v. City of Newton, et al. At this time, would counsel for the appellant please introduce himself on the record to begin. Good morning, Your Honor. Thomas Curran for the appellant, 29 Greenwood, LLC. I ask that we reserve three minutes for rebuttal. You can have two minutes. Thank you. Your Honor, this is a 12B6 motion case. The case was dismissed at the district court under 12B6. We challenge the dismissals of three of the counts. The takings claim count, the violation of Civil Rights Act count, and the count under the excessive fines clause of the U.S. Constitution. Primarily, with regard to the takings claim and the Civil Rights Act claim, the district court improperly applied the standards of 12B6 with regard to the facts of this case. The district court appeared to consider, at least in part, extraneous material photographs that were attached to the motion to dismiss. Did you argue in the district court that the court could not consider the documents that were attached to the motion to dismiss? No, we didn't. I can't say that we argued that the court could not consider that. I did argue with the court about what the photographs depicted, because the court, I believe it's at Joint Appendix 79, there was a colloquy between myself and the court where the court indicated what he believed was depicted in the photographs and I offered or challenged that directly. And so that gets to the crux of the matter is that that combined... That strikes me as a waiver, though. You didn't tell the court, you didn't spotlight for the court, hey, there are certain things that you're considering that are not permitted to be considered in this record. In fact, you engaged with them. Well, to that point, once I engaged with the judge to indicate that clearly the appellant did not agree with that interpretation and at page Appendix 80 or 81 acknowledged that there was a dispute as to whether or not it depicted a complete demolition of the structure or not. So the judge acknowledged that and I didn't think quite frankly it would go any further. Okay, you waived the argument by not making it to the district court and in fact you relied on the photograph. So for several different reasons, you can't argue that to us. Do you have other takings clause arguments where you say the district court erred in its analysis in concluding you don't have a takings clause claim? Well, yes, Your Honor, because the... Could you get to those, please? The court did not just appear to view the photographs. The court actually misapprehended and misinterpreted an express factual statement in the complaint that goes to the heart of the issue of what was demolished and whether that was allowed or not allowed under the express document, the Certificate of Appropriation. In paragraph 83 of our complaint, we specifically state that the NHC conducted a public meeting and it determined that there was a violation of the Certificate of Appropriateness because of the partial demolition of the building, which was approved. I'm sorry, I thought this case wasn't about that issue. I thought this case was about the... You never appealed the determination that you violated the initial permit. This case has to do with your request to continue to do construction on the site after it was determined you had violated the permit. You could have appealed to the state court the determination that you violated the building permit. You did not. So then the city, then you said, well, despite our violation, we want to continue construction on the site. You then filed this federal action and you say that refusal to permit you to continue with construction on the site violates the takings clause. Am I correct? Well, no, Your Honor, because the court did address, the district court did address the issue specifically and rely on the issue of the total destruction of the structure four times in its decision. It appears to me that in the state court pleadings that you filed, they depend on your assertion that the structure has in fact been totally destroyed. So you seem to be taking opposite positions before us now. Absolutely not, Your Honor. We've never taken the position that the certificate of appropriateness was violated because we did demolish the entire structure or the house. We take the position which throughout the complaint and we argued this below with the court that it was only the allowed demolition that was allowed under the certificate of appropriateness. And the court took that and... No, no, this case is about whether... Okay, once the city found a violation, it told you don't continue working on the site. In our view, you have destroyed a historic house going back to the 1700s in Newton. Your certificate did not allow you to do that. You had to restore the house. The city then says you violated the certificate. You could have appealed that, you did not. Then you wanted to continue construction on the site and the city said no, you can't. But you then did not take the remedial action the city instructed your client to take. They then filed a criminal complaint in the Newton District Court asking for a determination that you were violating state law at that point and you should be fined for doing so. You then filed an action after the federal case, after the determination, I think, maybe it was before. You filed an action in the state court saying you violated the takings clause as to the present state of events. The state court has said most of those claims are without merit but we'll give you a trial on one of the claims. What is the federal matter before us? Your Honor, we didn't file a... This case was filed originally in state court. I'm talking about the separate action you filed thereafter. That is an action challenging what essentially amounts to a request for a certificate of appropriateness to restore the property. That does have a specific method in the landmark ordinance to actually challenge that in state court and we have done so. That does not end it for us. As I understand it, you first think you have a certificate from the beginning that lets you take the action on the building and the property. Then if that isn't so, we will amend what we want to do so we get a new certificate. You'll do either and you go to them all the time and I guess there is a federal issue if you had a board that said ha, ha, ha, we're never going to give you permission no matter what you say and they have no reason. Maybe there's a takings clause issue there, I don't know. But zoning arguments happen all the time and for most of them there is no federal issue and particularly the way that you contest what they did is you say here's what they did and you tell the court they violated, if it's federal law, the Administrative Procedure Act or if there's a state equivalent, you say they violated state law and that's what you're overdoing. So why isn't it for us to say, hey, let's see what happens in state court. That's called abstention. It's called something called Pullman abstention, which I don't know what it is. But regardless, why should we get involved in this? You have a thing in state court. If they acted badly, you have a chance to prove your case. And it shouldn't be here, it should be there and it is there. Well, two things, Your Honor. One, the issue with regard to what happens in the state court. Well, that is just on the restoration piece and if the court, as we understand it, finds it in our favor, it just goes back to, they remand it back down to the commission, which has denied us at five different periods. So don't you think they will now take that into account and they will say, he was right, we were wrong, and so now we'll do the right thing. No. We think that would be futile because the plan throughout, which is explicitly described in our 250 paragraph complaint, was to do exactly this, and that is to put the developer in the position of having a property they can do nothing with. They're pretty powerful, the state courts, and so if in fact all this terrible stuff happened and you're the victim of it and the state court decides for you and you say, oh, they won't do it, they'll just sort of muck around with this. The judge has called legal tools to make sure they follow the opinion that he writes. I mean, I'm trying to explain that it sounds to me like an administrative law case or a zoning case until something, particularly that you already have a remedy for in state court, so go ahead with your state court case. Well, this is the point, though, that this is not a zoning case. If it was a zoning case under 40A, then there's a specific appellate track for that, for violations. This is not. This is a landmark case and it doesn't follow the same track and we, as the property owners, don't have the same rights. Under this ordinance, there's a very specific enforcement provision and that only applies to the city. It doesn't give us any rights. Thank you. You'll have time in rebuttal, but your time is up now. Thank you, counsel. At this time, would counsel for the appellees please introduce themselves on the record to begin? Good morning and may it please the court. This is Kristen Nunziato on behalf of the appellees. The district court's decision to dismiss this lawsuit arose in the context of overwhelming First Circuit precedent, disfavoring these constitutional claims in the land use context for precisely the reasons that this panel has stated today. There are adequate state court remedies for allegations that local boards have abused their discretion or made decisions that were, as a matter of fact, inaccurate. So Justice Breyer has suggested that abstention doctrines might stay our hand here. What's your position on that? Our position is that this can be decided despite the decision in the state court case, because the state court case's remedy is remanded back to the NHC to consider it on grounds that they find to be legally appropriate. So to that end, if it is found that the NHC has acted arbitrarily and capriciously, the remedy mitigates the taking entirely, as the plaintiff has alleged that it occurred. Moreover, there's significant case law from the circuit that demonstrates that even an error committed by a legal board, absent some kind of other element that might elevate this to a... So you're saying, are you not agreeing with Judge Montecalvo that we shouldn't get into this? It should be up to the state court. To that effect, yes, because I'm agreeing that the state court has an available and adequate remedy for any violations that have been alleged here. And that this court, as I've said, the circuit precedent is that no legal error committed by a planning board doesn't necessarily transform something into a constitutional claim. So the facts all remaining as they are, if we simply add in legal error on behalf of the board, that does not change these claims. Well, they have some evidence here that some employees at the board or whatever it is that said some things to each other that they take as saying, ha, ha, ha, we will never give him the permission to do it, no matter what he suggests. And if that's going on, that's a problem, isn't it? So there's two things there. First of all, under precedent, the court can't rely on statements like these that have been made to plausibly infer that all future development proposals are going to be denied. Plaintiff is asking this court to infer and draw conclusions based on statements, but there are cases like Martone Place where much stronger statements against a developer, like we're going to have, we have the developer's noose in a neck and the developer will never work in Springfield again, because they weren't saying, you know, we're never going to allow you to submit future projects in front of us. But there's a better thing even than that. The state court can call witnesses and they can see what was actually said and they can see whether he's right or not. And so isn't it better for us to what I'd call stay our hand? Correct. To that end, I do believe a dismissal is appropriate here because I do think it is a matter for the state courts. And to that end, it can be resolved completely in that forum without ever being elevated to a constitutional claim. So I do agree here that this court can act with the assumption that it's going to be fully resolved by the state courts. To that end, also, Justice Breyer, you mentioned this allegation of, you know, statements being made of potential animus. This court has held on multiple occasions that bias, animus, hostility, those allegations are very endemic to these kind of zoning disputes. In this zoning context, land use context, developers commonly claim that there has been some sort of conspiracy by the city to deprive them of their property rights, et cetera. And those allegations alone do not elevate this to the level of a constitutional claim outside the realm of something that can be decided by the state courts. To that end, we've said that there are no elements here that really bring this case to the constitutional level. And Judge Lynch, you had sort of attempted to look at the scope of this case and say, oh, well, aren't the allegations starting from after this initial determination of violation and looking at the effect of that regulatory? And plaintiff really said, no, we would like the court to stretch all the way back and find that that initial determination of violation was an error. It is well settled precedent under state law that the processes set forth in these kind of local ordinances are the exclusive remedy for anybody who would like to challenge and state that they've been claimed by a local planning board, or rather harmed by a local planning board in this capacity. So to that end, where the plaintiff did not advance that challenge at the time, they cannot now look to reopen that factual argument. And it is plain from their complaint that that allegation underlines and underpins every aspect of their claims against the city. So if this court begins with the factual foundation that it must, that that initial determination of violation was accurate and just moved on from that point, all of the plaintiff's claims fail. We've touched briefly on their takings allegation to the extent that they can't plausibly infer that all future development is going to be denied because to date a plan has been denied. The MHC has never made any statement stating, you know, we're not going to consider anything further. In fact, their last decision on the matter, the August 2022 determination, listed 13 enumerated points that the MHC felt would bring the project more in line with the historical characteristics the MHC is investigating and interested in. Plaintiff disagrees with those to some extent, but again, that's a matter for the state courts to resolve. Here, what we have is that the city has provided a roadmap to the plaintiff towards reconstruction of this building and to draw the conclusion that the city has therefore foreclosed all future development and thus totally annihilated the value of this property is an implausible allegation on its face. To that end, where plaintiff has argued both that this could be a categorical taking or a taking under Penn Central, both of those arguments must fail. I'll say one more thing that Judge Saylor's decision was absolutely correct. And if in the state court action the matter gets remanded to the board, then that's a different factual context than the complaint brought here and would involve different claims. So that we ought to, in your view, affirm the dismissal, note the fact that there are pending state court proceedings, and if something happens in your opponent's favor in those proceedings, then they can file a different action. And we can fight then whether there's federal jurisdiction over this or not. Well, the dismissal was with prejudice, and I would ask that that with prejudice... Yeah, dismissal with prejudice as to those claims. But I don't think that the factual foundation of the takings claim changes significantly with the state court remands in any way. Well, we don't know yet, do we? I suppose that's true, Your Honor. It's kind of like the excessive fines. We don't know because the criminal action hasn't moved forward. There have been no fines, so how can he challenge the imposition of fines when there have been no fines? To that end, Your Honor, where this court has previously held that legal error by a planning board does not necessarily equate to a constitutional challenge, if the underlying facts remain the same, but the state court finds there was some legal error, then I would not think that the plaintiff would have a viable taking claim at that point either. So continuing on to discussion of the plaintiff's reasonable investment-backed expectations, I said at the outset that the plaintiff's case is really contingent upon a finding that this judicial determination was unlawful, and that really comes to bear in the reasonable investment-backed expectations. The plaintiff argues that it should have been able to build its property, and it should have been able to construct its project, and rescission of its COA has infringed upon those. But there is no question that the plaintiff does not have a right to construct an unlawful project. The plaintiff could not have reasonably expected to exceed the scope of its COA and then continue on with its project. To that end, and for the rest of the reasons stated in our brief, plaintiff's takings claim must fail. Given the brief amount of time remaining, I'll just note that for qualified immunity purposes, Judge Saylor relied on the circuit's history of disfavoring permitting and land use disputes in finding that the rights that plaintiff alleged were violated in the manner that they were violated were not clearly established enough that the government officials would have noted and been aware of their conduct in a way that should abrogate qualified immunity. And I would ask this Court to find on the same grounds that the MCRA claim should be dismissed. And I'll just end with a final quote from Martone Place, which was a case that was a dismissal at the district court affirmed by the circuit. May I finish the quote? While these allegations may be sufficient to make out a claim under a Massachusetts statute or a state common law theory, they are insufficient to lay a foundation for a federal constitutional claim. Thank you. Thank you, Counsel. At this time, would Counsel for the Appellant please reintroduce himself on the record? He has a two-minute rebuttal. Thank you, Your Honor. Thomas Curran for the Appellant, 29 Greenwood. First, with regard to my sister's argument that this is just similar to one of the other cases that she cites in her brief with regard to land use control. This case is specifically different in two very important aspects. Number one, it's not a zoning case. It's a landmark case. And every single case that my sister cites is a zoning case under 40A, which is a specific zoning statute that is not the same as the landmark ordinance that they're relying upon here. And so zoning cases are not applicable directly to... What does that have to do with the federal takings clause? Under the takings clause, what is your argument that you have a claim, even if it's a landmark case? We have two claims, a categorical taking and a non-categorical taking. Okay. I know what they are. The second thing, Your Honor, is this issue of... And it relates to the categorical taking, and that is, in this case, unlike the cases that were cited by my sister, all meaningful possession of the property has been taken from my client. But that's not the test. The test is whether it has to do with economic benefit. Has all economic benefit been lost? Could you still sell the property, for instance? Have you tried to do that? The property is akin to hazardous waste. It has been denied all development on the property. We haven't been able to even access the property for any reason, even maintenance, for nearly two years. The commission... As I read the briefs, I thought you were saying, you know what's happening? We're getting what's called the runaround. We started off on this in good faith. We had to do a little more work than we thought because of the condition of the building turned out to be worse than we thought. And then you said, oh, we violated the thing, and the next thing you said, change the permit so we can do it. And they wouldn't, and they figured out all kinds of ways of giving you the runaround. Now, that happens in this country from time to time. And if it does happen, there is a remedy under law normally. And the remedy is you go to court and say, usually it's the Administrative Procedure Act. And you say they've acted arbitrarily, they've acted for malicious reasons, they've acted just terrible. And there's even a provision that says you can, if this is all true, you can get them to act quickly. It even says that that's all in state court. And that's why you're getting these questions. And so the question for me is, OK, I read it, it's in state court, did I hear anything that the state court couldn't consider? Not so far. And if they can, do we just hold it or do we say, he's right, maybe we should just hold it. Or maybe we shouldn't, we have to figure that out. My only point with Derek is that after two years and four separate attempts back to move the ball forward, whatever the state court does will inevitably just put my client back on the hamster wheel. And I could be coming back to see this court in five years. Thank you, your time is up.